UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARRELL WILLIAMS** | : | **DOCKET NO. 2:22-CV-04504** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE AND CASUALTY COMPANY, ET AL.** | : | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss Complaint filed by Defendants, State Farm Fire & Casualty Co., State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company (the "State Farm Defendants"). Doc. 17. The time for response has passed with none being filed, making this motion unopposed and ripe for resolution. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons that follow, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss [doc. 17] be **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the Clerk serve an electronic copy of this Report and Recommendation on Plaintiff Darrell Williams via his counsel of record in the duplicate litigation

*Williams v. State Farm Fire & Casualty Co.* (2:22-cv-03314-JDC-TPL): Derek Clinton Brasher, Joseph Muckleroy, and Nishi Vimal Kothari.

## I.
### BACKGROUND

This case arises from damage to Plaintiff's home at 2665 Scarlett Drive in Lake Charles, Louisiana, from Hurricanes Laura and Delta. Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC (MMA), filed suit in this court on August 25, 2022, raising claims of breach of insurance contract and bad faith against the State Farm Defendants under Louisiana law. Doc. 1. In October 2022, the court stayed all suits filed by MMA after concerns of misconduct by those attorneys began to arise. Doc. 4.

The claims raised in this litigation were filed under three different docket numbers. Attorneys not associated with MMA filed the lawsuit in *Williams v. State Farm Fire & Casualty Co.,* bearing docket no. 2:22-cv-03314-JDC-TPL, and that litigation is ongoing (the "Active *Williams* Litigation"). MMA filed a lawsuit duplicative of the instant matter, *Williams v. State Farm Fire & Casualty Co.*, bearing docket no. 2:22-cv-03037-JDC-KK. That duplicative lawsuit was dismissed and closed over a year ago on Plaintiff's voluntary motion. *See* Judgment on Voluntary Motion to Dismiss, doc. 18, *Williams v. State Farm Fire & Casualty Co.*, 2:22-cv-03037-JDC-KK (W.D. La. 1/12/23). Plaintiff also filed a Voluntary Motion to Dismiss in this matter. Doc. 7. Although it was granted, only one defendant, State Farm Fire and Casualty Company, was dismissed via that motion and the resulting judgment of dismissal. *Id.* and doc. 16.

Thereafter, in this and 40 other similarly situated suits, the State Farm Defendants and Dover Bay Specialty Insurance Company filed a single motion alleging that dismissal was

warranted in all of the listed cases because plaintiffs did not give MMA authority to file suit on their behalf.[1] Doc. 17, att. 1, p. 2. Defendants' motion to dismiss is before the court now.

## II.
### LAW AND ANALYSIS

### A. Failure to Prosecute

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

The docket in this matter reflects that no action has been taken in this case since Defendants filed their Motion to Dismiss on March 2, 2023. As of this date, no attorney has moved to enroll on Plaintiff's behalf, even though Plaintiff is represented by counsel in the Active *Williams* Litigation. Plaintiff has not participated in the prosecution of this case, including responding to the current motion. We see no action Plaintiff has taken to move this case along to its completion. Considering the length of time that this case has remained unprosecuted, it appears to the court that Plaintiff and Defendants intended to dismiss this lawsuit in its entirety via the Voluntary

---

[1] Movant Dover Bay Specialty Insurance Company is not a party to this suit. As such, going forward, "Defendants" will refer to the State Farm Defendants.

Motion to Dismiss, but merely neglected to dismiss two of the three defendants. Accordingly, we recommend that this civil action be dismissed without prejudice for failure to prosecute and abide by the orders of the court.

To insure that Plaintiff receives notice of this recommendation, the clerk's office is directed to serve a copy of this Report and Recommendation on counsel representing Plaintiff in the Active *Williams* Litigation.

### B. Motion to Dismiss

The action taken herein renders moot Defendants' pending Motion to Dismiss. Doc. 17. Accordingly, it is further recommended that the Motion to Dismiss be denied as moot.

### III.
### CONCLUSION

**IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

For the reasons stated, **IT IS FURTHER RECOMMENDED** that the Motion to Dismiss [Doc. 17] be **DENIED** as **MOOT**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved

party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    **THUS DONE AND SIGNED** in chambers this 19th day of July, 2024.

                                            **THOMAS P. LEBLANC**
                                     **UNITED STATES MAGISTRATE JUDGE**